McFariaND, J.,
delivered the opinion of the court:
Matthews, who was the plaintiff below, in his declaration, charges, in substance, that in consequence of the neg *90 ligence of the agents and employes of the railroad company, in failing to keep a culvert under an embankment on their road cleaned out and open, and permitting it to become obstructed on the occasion of heavy rains, the water ivas dammed up and backed on the plaintiff’s land adjoining, and into his store house, washing away his fence, overflowing his ground, damaging his ground, store house, and goods, creating noxious vapors and stenches, obstructing by the filth and mud the egress and ingress, and preventing customers from approaching his place of business, and by reason of the premises, the plaintiff was prevented from carrying on his business in so beneficial a manner as before, and was thus deprived of large profits. There was a trial upon a plea of not guilty, and verdict and judgment for the plaintiff for $600. A new trial was refused and an appeal in error by the defendant.
The grounds relied upon for a new trial, are as follows: The. plaintiff, as a witness in his own behalf, proved that after the overflow he laid his grievance before an agent of the defendant, but was not told whether the obstruction would be removed or not; that as soon as it became dry enough he removed his store house and warehouse; that his store house and warehouse were worth $1,000. Iiis testimony as to the removal of the houses, and their value, was objected to, but the objection was overruled. In his charge to the jury, the judge said that in estimating the damages, the plaintiff would be entitled, by way of damages, for whatever injuries he sustained, either to' his goods or merchandise, or for the removal of his houses to another point rendered necessary in consequence of such backwater, etc. The objection is that the removal of the houses, or the cost of removing the houses, was not a proper element of damages under the allegation of the declaration. The declaration avers, that by reason of the. premises, the plaintiff was hindered and prevented from carrying on his business in so beneficial a manner as before, but we do not *91 understand tlie averment to mean tliat by means of wrongful acts of tlie defendants, the place where his store house was located was rendered unfit for the purpose, or that a removal ivas made necessary, and in this view we think there is error in the admission of the evidence and the charge of the court.
The plaintiff and liis clerk say that his damages were $1,000, but- when they are called upon to give the damages in detail, the amounts specified fall far short of this sum, ox of the amount of the verdict; and although there is ho proof showing the cost of removing the buildings, yet the jury must have taken this into account in estimating the damages, as otherwise the verdict of $600 is not sustained by the testimony.
The judgment must be reversed, and a new trial awarded.